UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRENNEN HOLLOMAN,<br><br>        Defendant. | Crim. Action No. 23-407 (CRC) |

### MR. HOLLOMAN'S MOTION TO SUPPRESS TANGIBLE EVIDENCE

Brennen Holloman, through undersigned counsel, pursuant to the Fourth Amendment of the Constitution respectfully moves this Honorable Court to suppress the use as evidence at trial all tangible objects seized from him during a warrantless search of his person on October 11, 2023, and any other fruits of the warrantless search and seizure.

### Factual Background

Mr. Holloman is charged in a two-count indictment with one count of unlawful possession of ammunition by a person previously convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1) and one count of unlawful possession of a firearm (prior conviction), in violation of 22 D.C. Code § 4503(a)(1), (b)(1). The charges arose out of an incident that occurred on October 11, 2023.

On that date, Mr. Holloman was standing on the sidewalk in the area of 1501 Maryland Avenue NE when Metropolitan Police Department officers suddenly seized him, without basis. Moments later, officers arrested and searched him, also without

lawful basis. According to the officers, the officers found a firearm after conducting a protective pat-down of Mr. Holloman's person. When officers seized, searched, and arrested Mr. Holloman, they lacked reasonable suspicion and probable cause to justify the warrantless stop, search, and arrest.

## I. Legal Standard

The Fourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Violations of this guarantee are subject to the exclusionary rule, which requires courts to suppress evidence obtained through unconstitutional means. *See United States v. Weaver*, 808 F.3d 26, 33 (D.C. Cir. 2015) ("the exclusionary rule prohibits the government from introducing in its case in chief evidence obtained in violation of the Fourth Amendment.") (citing *Mapp v. Ohio*, 367 U.S. 643, 655 (1961) and *Weeks v. United States*, 232 U.S. 383, 398 (1914)). When a defendant has been seized or searched without a warrant, "the government bears the burden of justifying a warrantless arrest or search." *United States v. Wright*, 233 F. Supp. 3d 165, 171 (D.D.C. 2017) (citing *United States v. Jones*, 374 F. Supp. 2d 143, 147 (D.D.C. 2005), *United States v. Jeffers*, 342 U.S. 48, 51 (1951), and *United States v. Mangum*, 100 F.3d 164, 169 (D.C. Cir. 1996)). This is because "searches and seizures conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well delineated exceptions." *United States v. Vinton*,

594 F.3d 14, 19 (D.C. Cir. 2010) (quoting *Minnesota v. Dickerson*, 508 U.S. 366, 372 (1993)).

One exception to the warrant requirement is *Terry v. Ohio*, 392 U.S. 1, 30 (1968)). However, to justify a *Terry* exception, the government bears the burden of proving that a police officer had reasonable suspicion that criminal activity was afoot and therefore had the authority to briefly stop and detain a person for investigative purposes and the officer had a reasonable suspicion that a person was "armed and presently dangerous to the officer or to others" and therefore could "conduct a patdown search." *Minnesota v. Dickerson*, 508 U.S. 366, 372-73 (1993) (quoting *Terry*, 392 U.S. at 24, 26, 30). In order to exercise her authority to seize and search a person, an officer must be able to "point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Terry*, 392 U.S. at 20-22. Anything less, would "evaporate" "the protections of the Fourth Amendment," and "the people would be secure in their persons, houses, papers and effects, only in the discretion of the police." *Id*. (internal quotations and citations omitted). Accordingly, an officer must articulate more than mere hunches. *Id*. If the government is unable to meet that burden, the primary evidence obtained pursuant to the illegal search must be suppressed. *See Segura v. United States*, 468 U.S. 796, 804 (1984); *Wong Sun v. United States*, 371 U.S. 471, 484-85 (1963).

Finally, it is by now axiomatic that in order to conduct a warrantless arrest, police need probable cause that a person is engaged in criminal activity. *See Illinois v. Gates*, 462 U.S. 213, 231-32 (1983). Probable cause exists when an officer has "knowledge or

3

reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Jocks v. Tavenier,* 316 F.3d 128, 135 (2d Cir. 2003) (internal quotations omitted); *accord Dunaway v. New York*, 442 U.S. 200, 208 n.9 (1978).

**II.   Argument**

**i.   Officers seized Mr. Holloman without reasonable, articulable suspicion.**

Officers did not have reasonable, articulable suspicion to stop Mr. Holloman when they initially observed him standing on the sidewalk. Nonetheless, they seized him when they made a show of authority to which Mr. Holloman submitted. *See United States v. Gamble*, 77 F.4th 1041, 1044 (D.C. Cir. 2023) (a Fourth Amendment seizure occurs when officers made a "show of authority" and the defendant "submitted to the show of authority.").

**ii.   Officers searched and arrested Mr. Holloman without probable cause.**

Immediately after they unlawfully seized Mr. Holloman, officers arrested him and conducted a search of his person. At that point, officers lacked probable cause that Mr. Holloman had committed any crime. They also lacked a search warrant to search him. Because Mr. Holloman was not lawfully under arrest at any time during the search, there is no applicable exception to the warrant exception. Therefore, the fruits of the unlawful search must be suppressed.

## Conclusion

For the reasons set forth above, and for such other reasons as this Court may determine at a hearing on this motion, Mr. Holloman respectfully requests that this Motion be granted and that the Court suppress the use as evidence of all items seized as the result of the unlawful stop, arrest, and search.

Respectfully Submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
KATE ADAMS
Assistant Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500
Kate_Adams@fd.org