UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **BRENNEN HOLLOMAN,** <br><br> **Defendant.** | Case No. 23-CR-407 (CRC) |

**STATEMENT OF OFFENSE IN SUPPORT OF
DEFENDANT BRENNEN HOLLOMAN'S PLEA OF GUILTY**

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully submits this Statement of Offense in support of Defendant Brennen Holloman's plea guilty to Count One of the November 16, 2023, Indictment (ECF No. 5), which charges him with unlawful possession of ammunition by person convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1).

**I.   The Penalties**

A violation of 18 U.S.C. § 922(g)(1) carries a maximum sentence of 15 years' imprisonment, pursuant to 18 U.S.C. § 924(a)(8); a fine of $250,000, pursuant to 18 U.S.C. § 3571(b)(3); and a term of supervised release of not more than 3 years, pursuant to 18 U.S.C. § 3583(b)(2); and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

**II.   The Elements of the Offenses**

The essential elements of unlawful possession of ammunition by person convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1), each of which the government must prove beyond a reasonable doubt to sustain a conviction, are that:

1. The defendant possessed ammunition;

2. He did so voluntarily and on purpose, and not by mistake or accident, with knowledge that the item he possessed was ammunition;

3. The ammunition had been shipped or transported from one state to another, with the District of Columbia considered a state for this element;

4. At the time the defendant possessed the ammunition, he had been convicted of a crime punishable by imprisonment for a term exceeding one year and had knowledge of that fact.

### III. Factual Proffer

The following proffer of the government's evidence is intended only to provide the Court with enough evidence to satisfy the mandate of Rule 11(b)(3) of the Federal Rules of Criminal Procedure. This proffer is not intended to be a disclosure of all the evidence available to the United States nor, to the extent it contains representations concerning anything the defendant said, is it a recitation of all that the defendant said or did.

On the evening of Wednesday, October 11, 2023, members of the Metropolitan Police Department's Fifth District Crime Suppression Team were patrolling the 1500 block of Maryland Avenue Northeast in Washington, D.C. Officers were in full police uniform and driving a marked police cruiser. Officers observed a group standing at the top of the stairs in front of 1501 Maryland Avenue Northeast. A loaded 9-millimeter black and grey Polymer80 privately made firearm (i.e., a "ghost gun") was recovered from inside the defendant's pants. The firearm, which was not marked with a serial number, was loaded with one round of 9-millimeter ammunition in its chamber and seventeen rounds of 9-millimeter ammunition in its extended magazine.

On December 15, 2023, the defendant was arrested in relation to his October 11, 2023, possession of a firearm and ammunition, as described above. On that date, the defendant possessed a Bryco .38 caliber firearm loaded with one round of .38 caliber ammunition in its chamber and three rounds in its magazine.

The defendant has previously been convicted of crimes punishable by imprisonment for a term exceeding one year, including a September 4, 2018, conviction for attempted robbery in the Superior Court of the District of Columbia, case number 2018 CF3 007711. In that case, the defendant was advised in his plea agreement that attempted robbery is punishable by up to three (3) years' imprisonment and was sentenced to a term of 18 months' imprisonment, all but 9 months suspended. Accordingly, when the defendant possessed loaded firearms on October 11, 2023, and December 15, 2023, he knew that he previously had been convicted of a crime punishable by imprisonment for a term exceeding one year.

No firearms or ammunition are manufactured in the District of Columbia. Accordingly, the firearms and ammunition recovered in this case necessarily traveled in interstate commerce before the defendant possessed them in the District of Columbia.

Respectfully submitted,

Paul V. Courtney
Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

I, Brennen Holloman, have read every page of this factual proffer and have discussed it with my attorney, Benjamin Schiffelbein, Esq. I agree to it and acknowledge that everything in this statement is true and correct. I do this voluntarily and of my own free will.

Date: 9/28/24

Brennen Holloman
Defendant

## ATTORNEY'S ACKNOWLEDGEMENT

I have read every page of this factual proffer, reviewed, and discussed it with my client, Brennen Holloman, and have no reason to disagree with my client's desire to plead guilty as set forth in the plea agreement and proffer.

Date: 9/28/24

Benjamin Schiffelbein, Esq.
Attorney for Brennen Holloman